UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW ANDERSON,<br><br>      Plaintiff,<br><br>    v.<br><br>COLLEEN KING, *et al.*,<br><br>      Defendants. | Case No. 25–cv–02142–ESK–MJS<br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on *pro se* plaintiff Matthew Anderson's amended complaint filed pursuant to 42 U.S.C. § 1983. (Amended Complaint). (ECF No. 7.) Plaintiff also moves for the appointment of *pro bono* counsel (Motion). (ECF No. 8.) As plaintiff is proceeding *in forma pauperis*, I must review the Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the following reasons, I will dismiss the Amended Complaint with prejudice, 28 U.S.C. § 1915(e)(2)(B)(ii), and deny the Motion.

    **I.    FACTS AND PROCEDURAL HISTORY**

    Plaintiff is a convicted and sentenced state prisoner and was formerly detained in Northern State Prison (Northern State). (ECF No. 7 p. 1.) Another inmate, Mark Royal, was put into plaintiff's cell while plaintiff was serving a 90-day sanction in the administrative segregation unit. (*Id.* ¶¶ 2, 3.) Shortly thereafter, Royal "began to demand sexual actions" from plaintiff. (*Id.* ¶ 5.) Plaintiff refused, but Royal brandished a weapon "made out of a piece of metal with a sharp point." (*Id.* ¶¶ 6, 7.) Royal grabbed plaintiff's genitals,

and plaintiff pushed him away.  (*Id.* ¶¶ 8, 9.)  Royal hit the toilet, which caused him to drop the weapon.  (*Id.* ¶ 9.)  Plaintiff and Royal exchanged blows.  (*Id.)*  At one point, Royal stated that he would kill plaintiff, pulled down his pants to expose himself, reclaimed his weapon, and pinned plaintiff against a shelf.  (*Id.*¶¶ 10, 11.)  Royal began to pull down plaintiff's pants; plaintiff fought against him and tried to get the weapon away from Royal.  (*Id.* ¶¶ 11, 12, 13.)  Plaintiff states they fought for about 15 to 20 minutes.  (*Id.* ¶ 13.)

Plaintiff was able to call for help through a crack in the cell door's side.  (*Id.* ¶¶ 14, 16.)  Royal kept attacking plaintiff, stating that he and plaintiff would "come into an agreement" before the end of the night.  (*Id.* ¶¶ 17, 18, 19.)  Plaintiff was able to get onto the top bunk and waited there for what "appears to have been hours" for someone to open the cell.  (*Id.* ¶¶ 20, 21.)  Royal was removed from the cell on a pass, and plaintiff was able to speak with a sergeant about what had happened.  (*Id.* ¶¶ 22, 23.)  Royal and plaintiff were separated and placed into different cells.  (*Id.* ¶ 24.)  No further action was taken against Royal.  (*Id.* ¶ 25.)

Plaintiff eventually filed a complaint pursuant to the Prison Rape Elimination Act (PREA).  (*Id.* ¶ 26.)  The Special Investigations Division (Special Investigations) had plaintiff "called out" in response.[1]  (*Id.*)  Plaintiff alleges that Northern State officers knew about Royal sexually assaulting other inmates prior to Royal's assault against plaintiff.  (*Id.* ¶ 30.)  Royal was known to be a "sexual predator," including through word of mouth and prior incident reports, but Northern State officers did not do anything to protect plaintiff or other inmates.  (*Id.* ¶¶ 33, 34.)

---

[1] It is not clear to me what plaintiff means by this.

Plaintiff was transferred to South Woods State Prison (South Woods) on or about July 20, 2021.  (*Id.* ¶ 29.)  Some South Woods officers were aware of the pending PREA complaint and began harassing plaintiff.  (*Id.*)  Plaintiff asserts that he was removed from his cell to meet with Special Investigations about the PREA complaint during the first or second week of August 2021.  (*Id.* ¶ 39.)  However, despite waiting for Special Investigations for approximately two hours, no one came to speak with plaintiff.  (*Id.* ¶ 41.)  Plaintiff was later brought to the center purportedly to speak with Special Investigations on August 3, 2021.  (*Id.* ¶ 42.)  When he arrived at the center, plaintiff was forced to kneel on a bench by defendant Sergeant Stokes and another officer.  (*Id.* ¶ 43.)  Stokes and the officer tightly cuffed plaintiff and left him in the cell for 30 minutes.  (*Id.* ¶¶ 44, 45, 46.)  A nurse came by to check plaintiff and he told her about being assaulted by Stokes.  (*Id.* ¶ 47.)  Plaintiff was returned to his cell shortly thereafter.  (*Id.* ¶ 48.)  While uncuffing plaintiff, Stokes said he would "fuck [plaintiff] up" if plaintiff got up from the bench.  (*Id.*)  On September 17, 2021, plaintiff wrote to Special Investigations about what happened with Stokes and the officer.  (*Id.*)

Plaintiff submitted his original complaint on March 28, 2025.  (ECF No. 1.)  He named Northern State employees Colleen King and Patrick Nogan as defendants along with Stokes, alleging that they intentionally assigned Royal, a known violent inmate, to plaintiff's cell.  (*Id.* p. 8.)  He also alleged that they violated his equal protection rights and retaliated against him for filing the PREA complaint.  (*Id.* pp. 9, 11.)  I granted plaintiff's *in forma pauperis* application on April 2, 2025.  (ECF No. 3.)

On May 16, 2025, plaintiff requested time to submit an Amended Complaint.  (ECF No. 4.)  I granted the request, (ECF No. 5),[2] and plaintiff

---

[2] Plaintiff was entitled to amend his complaint as a matter of right.  Fed. R. Civ. P. 15(a)(1).

3

submitted the Amended Complaint on July 16, 2025, (ECF No. 7.)  He also submitted the Motion requesting the appointment of *pro bono* counsel.  (ECF No. 8.)

## II.  LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by plaintiffs proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."  *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).  Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## III. DISCUSSION

Plaintiff alleges defendants failed to protect him from physical and mental abuse as well as retaliating against him after he filed a PREA complaint. (ECF No. 7 pp. 2, 3.) These claims are barred by the statute of limitations.

"Although the statute of limitations is an affirmative defense, a court may dismiss claims *sua sponte* if a time-bar is obvious from the face of the complaint and no further development of the record is necessary." *Demby v. Cnty. of Camden*, No. 21–1433, 2021 WL 4957002, at *1 (3d Cir. Oct. 26, 2021) (citing Fed. R. Civ. P. 8(c)), *cert. denied*, 142 S. Ct. 1163 (2022). Section 1983 complaints are governed by New Jersey's limitations period for personal injuries and must be brought within two years of the claim's accrual. *See Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

It is not clear when the alleged assault occurred, but plaintiff was aware of it when he was transferred to South Woods on July 20, 2021. (ECF No. 7 ¶ 29.) Therefore, his failure to protect claims against King and Nogan[3] and needed to be filed by July 20, 2023 at the latest. The original complaint was filed nearly two years late, having been submitted on March 28, 2025. (ECF No. 1.) Similarly, plaintiff knew or should have known about the facts underlying his retaliation claims by August 3, 2021, making those claims due August 3, 2023. (ECF No. 7 ¶ 49.)

---

[3] The Amended Complaint does not state a failure to protect claim against Stokes because he was stationed at South Woods at the time of the alleged assault. (ECF No. 7 ¶ 44.) There are no facts that suggest a South Woods sergeant had knowledge of inmate disciplinary problems at Northern State or the authority to assign inmate housing at Northern State. (*Id.* ¶¶ 31, 33, 35.)

I may equitably toll the statute of limitations in certain circumstances, but "[a] party must plausibly plead allegations to support equitable tolling and 'a district court may dismiss an untimely cause of action if it is plain on the face of the complaint that the limitations period cannot be tolled.'" *Margolis v. Warner Chilcott (US) LLC*, No. 17–cv–04550, 2018 WL 2455925, at *6 (D.N.J. May 31, 2018) (quoting *Menichino v. Citibank, N.A.*, No. 12–cv–00058, 2013 WL 3802451, at *6 (W.D. Pa. July 19, 2013)).  There are no facts in the Amended Complaint from which I could reasonably conclude that equitable tolling would be appropriate in this matter.  Therefore, I will dismiss the Amended Complaint with prejudice and deny leave to amend as plaintiff cannot remedy the expiration of the statute of limitations.  *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (affirming dismissal with prejudice due to expiration of statute of limitations); *McCargo v. Camden Cty. Jail*, 693 F. App'x 164, 166 (3d Cir. 2017) (per curiam) ("We therefore agree with the [d]istrict [c]ourt's assessment that amendment of the complaint would be futile because the statute of limitations clearly had expired when [plaintiff] filed this complaint.").  As I am dismissing the Amended Complaint with prejudice, I will deny the Motion.

### IV.  CONCLUSION

For the reasons stated above, I will dismiss the Amended Complaint with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).  Leave to amend is denied.  The Motion is denied.  An appropriate Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　　  */s/ Edward S. Kiel*　　　　　　
　　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated: August 4, 2025